|                                                      |                          |
| ---------------------------------------------------- | ------------------------ |
| UNITED STATES DISTRICT COURT                         |                          |
| DISTRICT OF PUERTO RICO                              |                          |
| BARTOLOMÉ HERRERO-PÉREZ,                             |                          |
| Plaintiff,                                           |                          |
| v.                                                   | Civil No. 08-2332 (JAF)  |
| MIGUEL A. RIVERA-VELÁZQUEZ, et al.,                  |                          |
| Defendants.                                          |                          |

**OPINION AND ORDER**

Plaintiff Bartolomé Herrero-Pérez brings this case against Defendants Miguel A. Rivera-Velázquez, Manuel López-Jiménez ("López"), and Francisco Cabrera-Burgos ("Cabrera") under 42 U.S.C. § 1983 for unconstitutional application of force and malicious prosecution. Docket Nos. 3, 11. Defendants López and Cabrera move to dismiss per Federal Rule of Civil Procedure 12(b)(6), Docket No. 9; the motion is unopposed.

**I.**

**Factual and Procedural History**

We draw the following facts from Plaintiff's complaint. Docket Nos. 3, 11. As we must, we assume Plaintiff's factual allegations to be true and make all reasonable inferences in his favor. Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008).

Plaintiff is an inmate presently in the penal custody of the Commonwealth of Puerto Rico ("Commonwealth") at Guayama Prison. He

was previously incarcerated at Bayamón Prison where, on October 19, 2005, a fight erupted among other prisoners outside Plaintiff's cell while he was inside. Several officers responded to the altercation by using tear gas inside that ward. As Plaintiff began to experience ill effects from the gas, he shouted at the officers, who then opened his cell. The officers beat and kicked Plaintiff and struck him with batons. Although Plaintiff informed the officers that he had suffered a hernia and had a colostomy bag in his stomach, the officers continued to batter him. He received medical treatment for his injuries afterwards. The officers then falsely charged Plaintiff with assault, but a court in Bayamón later acquitted him.

Plaintiff has brought two prior cases against Defendants in the Commonwealth courts of Bayamón in 2006 and Ponce in 2008. Both cases were dismissed. Plaintiff filed the instant action in federal court on November 25, 2008, seeking monetary relief against the Commonwealth and the Administration of Corrections. <u>Docket Nos. 3, 11</u>. Plaintiff has not filed an administrative complaint despite the existence of such grievance procedures, citing his belief that such efforts would be futile. <u>Id.</u> Defendants moved to dismiss on March 26, 2009. <u>Docket No. 9</u>. Plaintiff has not opposed the motion.

## II.

### Standard Under Rule 12(b)(6)

A defendant may move to dismiss an action against him, based solely on the complaint, for the plaintiff's "failure to state a

Civil No. 08-2332 (JAF)                                              -3-

claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing this motion, we "accept[] all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [plaintiff]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993).

The complaint must demonstrate "a plausible entitlement to relief" by alleging facts that directly or inferentially support each material element of some legal claim. Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)). "[S]pecific facts are not necessary; the statements need only 'give the defendants fair notice of [the claim] and the grounds upon which it rests.'" Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89 (2007)).

We grant a motion to dismiss based on a statute of limitations' defense if "the pleader's allegations leave no doubt that an asserted claim is time-barred." La-Chapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998).

**III.**

**Analysis**

Because Plaintiff is pro se, we construe his pleadings more favorably than we would pleadings drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, Plaintiff's pro-se status does not insulate him from the strictures of procedural and

Civil No. 08-2332 (JAF)                                                    -4-

substantive law. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). We address, in turn, Plaintiff's claims for unconstitutional use of force and malicious prosecution.

**A.    Statute of Limitations**

Defendants argue that Plaintiff's claim for battery is barred by the statute of limitations.[1] Docket No. 9. For causes of action under § 1983, we apply the statute of limitations and tolling rules of personal injury torts at state law. Wallace v. Kato, 549 U.S. 384, 387, 394 (2007). In Puerto Rico, the statutory period is one year from the accrual of the cause of action. Morán Vega v. Cruz-Burgos, 537 F.3d 14, 20 (1st Cir. 2008). A cause of action accrues "when the aggrieved party knows or has reason to know of the injury." Rodríguez Narváez v. Nazario, 895 F.2d 38, 41 n.5 (1st Cir. 1990). Upon the commencement of a judicial case, the statute of limitations tolls, 31 L.P.R.A. § 5303 (1990), and the one-year period runs anew from the date of filing, Morán Vega, 537 F.3d at 22. Tolling applies, however, only to identical causes of action. Rodríguez Narváez, 895 F.2d at 43-44.

Plaintiff's claim accrued on October 19, 2005, the day he was beaten. The statutory period would have expired on October 20, 2006, unless his prior complaints tolled the temporal bar. See Morán Vega,

---

[1] As we dispose of this case under the statute of limitations and for Plaintiff's failure to state a federal claim, we need not address Defendants' other defenses. See Docket No. 9.

537 F.3d at 20-22. Plaintiff does not describe the cases he previously filed in the Commonwealth courts in 2006 and 2008 against Defendants.[2] See Docket No. 3. Assuming that Plaintiff filed his first action on or before October 20, 2006, the one-year period ran anew. See Morán Vega, 537 F.3d at 20-22. However, to toll the statutory bar again, he must have filed the second action within one year, at some time in 2007. See id. As Plaintiff did not file his second Commonwealth case until 2008, that case could not have tolled the statute of limitations. See id. Similarly, Plaintiff's instant action, also filed in 2008, cannot satisfy the time bar. See id. Therefore, dismissal of Plaintiff's claim for unconstitutional battery is appropriate.

**B.   Malicious Prosecution**

It is unclear whether Plaintiff intends to seek relief for malicious prosecution. Docket No. 3. Out of abundance of caution, however, we address his potential claims under § 1983 and as a supplemental claim at Commonwealth law.

As a matter of law, Plaintiff cannot state a federal claim for malicious prosecution for acts that occurred during his incarceration. To succeed under § 1983, a plaintiff must establish

---

[2] Plaintiff did not specify the defendants to the instant action, and demanded relief against the Commonwealth and the Administration of Corrections. See Docket No. 3. However, we indulge him the benefit of the doubt and surmise that he intended to charge the accused officers. See Erickson, 551 U.S. at 94.

the elements of malicious prosecution at state law, as well as the deprivation of a federal constitutional right. Nieves v. McSweeney, 241 F.3d 46, 53 (1st Cir. 2001). Prisoners, however, cannot satisfy the second part of the rule: First, there is generally no claim for malicious prosecution as denial of substantive due process. Id. at 53-54 (citing Albright v. Oliver, 510 U.S. 266, 271 n.4 (1994)). Second, there is generally no claim for denial of procedural due process if a remedy is available at state law, id. at 53, and Puerto Rico law provides a claim at tort for malicious prosecution, González Rucci v. INS, 405 F.3d 45, 49 (1st Cir. 2005).[3] Third, although the First Circuit may allow a claim generally for malicious prosecution under the Fourth Amendment, Nieves, 241 F.3d at 54, the Fourth Amendment is inapplicable to prisoners as a matter of law, Hudson v. Palmer, 468 U.S. 517, 525-26 (1984). Fourth, the Eighth Amendment is no basis for a malicious prosecution claim by prisoners under § 1983. Lagerstrom v. Kingston, 463 F.3d 621, 625 (7th Cir. 2006).

Plaintiff may have a claim at Commonwealth law for malicious prosecution.[4] See González Rucci, 405 F.3d at 49. However, as we

---

[3] The Puerto Rico claim for malicious prosecution is rooted in American common law. Parés v. Ruiz, 19 P.R. 323, 327 (1913) (citing cases in Texas and Rhode Island). But see Valle v. Am. Int'l Ins. Co., 8 P.R. Offic. Trans. 735, 108 P.R. Dec. 692 (1979) (noting that Puerto Rico tort law "is governed – both in form and in content – by the civil law system").

[4] A plaintiff must establish (1) his prosecution by the defendant, (2) an end to the prosecution in the plaintiff's favor, (3) the defendant's malicious institution of the criminal case without probable cause, and (4) injury to the plaintiff. Parés, 19 P.R. at 327.

Civil No. 08-2332 (JAF)                                                         -7-

dismiss all federal claims, we decline to exercise supplemental jurisdiction over this claim. See 28 U.S.C. § 1367(c)(3); <u>Rivera v. Murphy</u>, 979 F.2d 259, 264 (1st Cir. 1992).

## IV.

## Conclusion

Accordingly, we hereby **GRANT** Defendants' motion to dismiss, Docket No. 9, and **DISMISS** Plaintiff's federal claims **WITH PREJUDICE**. We **DISMISS** Plaintiff's claim at Commonwealth law for malicious prosecution **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 12th day of May, 2009.

```
                              s/José Antonio Fusté
                              JOSE ANTONIO FUSTE
                              Chief U.S. District Judge
```